## SARAH L. MANCHESTER et al., FOR AN OPINION.

### NEWPORT—MAY 3, 1901.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Wills. Estates in Fee-Tail. Rule in Shelley's Case.*

Testamentary devise under a will probated July 6, 1891 : "I give, devise, and bequeath unto my son C. the remaining one-third of my estate, to hold the same for and during the term of his natural life ; and after his decease I give, devise, and bequeath the estate so given to my son C. as a life-estate, unto the heirs of said C. and to their assigns forever : "—
*Held,* that under the rule in Shelley's case C. became vested with an estate in fee-simple.

(2) *Specific Performance. Charge upon Real Estate.*

Equity will not decree specific performance, where the estate in question is subject to a charge, until the charge is removed.

PETITION for an opinion under the provisions of Gen. Laws cap. 240, § 24.

BLODGETT, J. This petition is preferred under the provisions of section 24, chapter 240, General Laws, for the opinion of the court upon the estate devised to Charles D. Manchester by the fourth clause of the will of Charles Manchester, late of Tiverton, who deceased on April 23, 1891, leaving a last will and testament, duly probated on July 6, 1891.

The clause in question is as follows :

(1)     "Fourth. After the decease of my said wife, Sarah L. Manchester, I give, devise and bequeath unto my son, Charles D. Manchester, the remaining undivided one-third part of my estate, excepting therefrom the household furniture as given to my daughter, Fannie D. Manchester, to hold the same for and during the term of his natural life, and after his decease I give, devise and bequeath the estate so given to my son, Charles D. Manchester, as a life-estate, unto the heirs of said Charles D. Manchester, and to their assigns forever."

At the time of the decease of the testator, the rule in Shelley's case, as modified by section 2 of chapter 182 of the Public Statutes, was in force in this State, as follows :

"No person seized in fee-simple shall have a right to devise any estate in fee-tail for a longer time than to the children of the first devisee ; and a devise for life to any person and to the children or issue generally of such devisee, in fee-simple, shall not vest a fee-tail estate in the first devisee, but an estate for life only, and the remainder shall, on his decease, vest in his children or issue generally, agreeably to the direction of such will."

We are of the opinion that the clause in question in effect gives, after the death of Sarah L. Manchester, one undivided third part of the estate to Charles D. Manchester, his heirs or assigns, and is governed by the decision of this court in *Bullock* v. *The Waterman Street Baptist Society*, 5 R. I. 276, in which similar language was used, viz.: "The testator in this clause speaks, in general, of the gifts and bequests before made to his children, as for life only, and provides that they are ' then to go to their several heirs forever, share and share alike.' . . . In such a condition of things, it is too well settled to be disputed, that by the well-known rule in Shelley's case, founded partly, perhaps, upon feudal reasons, and partly upon the broad common-law policy of rendering estates alienable by, and subject to the debts of, their owners, the particular intent, to create an estate for life, must yield to this more general intent and policy; and the word ' heirs,' to be construed to extend to the estate of, and give a fee to, the proposed tenant for life." Again, in *Andrews* v. *Lothrop*, 17 R. I. 60, the bequest was as follows :

"Thirdly, I give and devise to my nephew, John Albert Paine, the other half of my real estate during his natural life, and after his decease, to his heirs, their heirs and assigns forever," and the decision of the court was that those words vested a fee-simple in the devisee. See, also, *Manchester* v. *Durfee*, 5 R. I. 549; *Browning, Petitioner*, 16 R. I. 443.

We are accordingly of the opinion that the clause in question vested an estate in fee-simple in Charles D. Manchester upon the death of Sarah L. Manchester.

(2) The third clause of the will contains a charge upon the real estate devised to Fannie D. Manchester. Obviously a good

title cannot be made by her until this charge is removed; and on this ground the respondent, Lizette, is not bound to take the conveyance of the property while such charge is outstanding.

*William P. Sheffield, Jr.*, for parties.